# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREA SUE MIHALIK )
) No. 17-1039
)
    v.

COMMISSIONER OF SOCIAL
SECURITY

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for disability insurance pursuant to Title II of the Social Security Act, alleging disability due to physical impairments, including osteoarthritis of the knees, and back and shoulder pain. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded for further proceedings.

### OPINION

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

II.     THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred in her treatment of the sole medical opinion of record, that of an examining consultant.

Thus, the ALJ must give indication of the evidence he rejects and explain the reasons for discounting pertinent evidence. Oakes v. Colvin, No. 15-507, 2016 U.S. Dist. LEXIS 117952, at *27 (W.D. Pa. Sep. 1, 2016). Moreover, "rarely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant." Hawk v. Colvin, No. 14-00337, 2015 U.S. Dist. LEXIS 32756, at *30 (M.D. Pa. Feb. 13, 2015) (citing cases).

Dr. Assefa performed a consultative exam on February 19, 2014. He concluded that Plaintiff had several limitations. For example, he opined that Plaintiff could occasionally lift up to 20 pounds and carry up to 10; sit for two hours at a time and for three total; stand for 15 minutes at a time and for one hour total; walk for 15-20 minutes at a time and for one hour total. It appears that these limitations were based on Plaintiff's knee pain and stiffness, and the condition of her shoulders and fingers. She could occasionally reach, handle, finger, feel, and push/pull. The ALJ found that Dr. Assefa's opinion was entitled to "some weight," and that it was not "fully consistent with objective medical evidence of record, after this assessment was made." The RFC omitted many of the limitations opined to by Dr. Assafa.

It is unclear which evidence following Dr. Assefa's assessment caused the ALJ to discount his opinion. The only evidence that postdates Dr. Assefa's opinion, and to which the ALJ refers, are treatment notes from Dr. Bisignani, a treating source. Those records show that Plaintiff had advanced arthritis of the knees and received bilateral knee injections. The ALJ notes that a September, 2015 visit to Dr. Bisignani showed "no instability to varus or valgus stress."[1] The ALJ also refers to "additional routine visits" to PLaintiff's primary care physician,

---

[1] Varus and valgus stress refer to tests of ligament health. Perry v. Colvin, No. 11-1865, 2013 U.S. Dist. LEXIS 71983, at *36 n. 26 (M.D. Pa. May 21, 2013).

Dr. Chalfant, after June, 2014. The ALJ briefly notes that in his records of those visits, Dr. Chalfant referred to Plaintiff's weight, diabetes, hypothyroidism, and foot pain. Again, it is unclear what bearing these post-2014 records have on the weight to be afforded Dr. Assefa's opinions. The ALJ is entitled to assign little weight to Dr. Assefa's opinion, but must explain why she is doing so. The ALJ's cursory discussion of the weight afforded Dr. Assefa's functional assessment renders assessment problematic -- for example, of the decision not to include any sit/stand/walk or lift/carry limitations in the RFC, despite findings that her knee and shoulder conditions were severe impairments. It appears that the ALJ accepted portions of Dr. Assefa's opinion and rejected others, without explanation. As a result, the basis for some of the limitations included in the RFC – such as that Plaintiff must be afforded the opportunity for brief one or two minute position changes at intervals not to exceed 30 minutes – is also unclear. Absent such an explanation, this Court is unable to properly assess whether the RFC, and the ALJ's decision, are supported by substantial evidence. Remand is warranted for further explanation. On remand, the ALJ may further develop the record, should she deem it necessary.

Although I remand on other grounds, Plaintiff's remaining arguments merit mention. Plaintiff contends that the RFC of Douglas Kleman, a single decision maker ("SDM"), is entitled to no evidentiary weight. There is "significant case law" supporting the position that an SDM's RFC is entitled to no evidentiary weight. Yorkus v. Astrue, No. 10-2197, 2011 U.S. Dist. LEXIS 154471, at *13 (E.D. Pa. Feb. 28, 2011). Here, the ALJ assigned "some weight" to the opinion of the SDM.[2] The ALJ gave "some weight" to both opinions of record – one of an examining physician and one of an SDM, and the ALJ's RFC did not adequately explain the weight afforded. On remand, the ALJ should reassess her reliance on the SDM's opinion. Lastly,

---

[2] The SDM stated that Plaintiff could occasionally lift/carry 20 pounds; frequently carry 10 pounds; stand and/or walk for 2 hours; and sit for a total of 6 hours; and was unlimited in pushing/pulling.

Plaintiff contends that the ALJ's credibility determination did not take into account her stellar work record. "It is well-established that the testimony of a claimant with a long, productive work history will be given 'substantial credibility' concerning his work limitations, assuming those limitations are also supported by competent medical evidence," although it is but one factor for the ALJ to consider. Christl v. Astrue, No. 08-290, 2008 U.S. Dist. LEXIS 76271, at *38 (W.D. Pa. Sep. 30, 2008). When reevaluating Plaintiff's claim on remand, the ALJ should consider Plaintiff's work history in her credibility assessment.

## CONCLUSION

In conclusion, this Court is unable to conclude that the ALJ's decision is based on substantial evidence, and the matter will be remanded for further proceedings consistent with this Opinion. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

---

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: May 17, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREA SUE MIHALIK )
) No. 17-1039
)
    v.

COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 17th day of May, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court